UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**STEVEN LEE SPARKS,**
    Plaintiff,

**v.**

**PFIZER, INC.,**
    Defendant.

Case No. 1:24-cv-1450-CLM

## MEMORANDUM OPINION

Plaintiff Steven Lee Sparks, who is proceeding pro se, sues Defendant Pfizer, Inc., asserting that his wife passed away from a heart attack after taking Apo-Varenicline to stop smoking. (Doc. 11). Pfizer moves to dismiss Sparks' complaint, asserting that it does not manufacture the medication Apo-Varenicline. (Doc. 13). For the reasons stated within, the court **GRANTS** Pfizer's motion to dismiss (doc. 13) and **DISMISSES** Sparks' complaint **WITHOUT PREJUDICE**. Sparks has until **May 19, 2025,** to file an amended complaint that addresses the pleading deficiencies noted below. Failure to file an amended complaint by this deadline will result in the court dismissing Sparks' complaint **with prejudice**.

## STATEMENT OF THE ALLEGED FACTS

Sparks' wife, Sandra Lynn Sparks, started taking the medication Apo-Varenicline on September 20, 2022. (Doc. 11, p. 5). Three days later, Mrs. Sparks told her husband that she had started having chest pains. (*Id.*). The next morning, Mrs. Sparks reported that her arm was hurting her. (*Id.*). Mr. Sparks then suggested that they go to the hospital. (*Id.*). Mrs. Sparks replied that she had been up all night and was going to go lay down. (*Id.*). Mr. Sparks, who checked on Mrs. Sparks throughout the day, found Mrs. Sparks dead around 6:15 pm that night. (*Id.*). Mrs. Sparks' death certificate listed her cause of death as myocardial infarction. (*Id.*, p. 12). Mr. Sparks alleges that Mrs. Sparks' new medication is what caused Mrs. Sparks to suffer the fatal heart attack.

**STANDARD OF REVIEW**

In reviewing a Rule 12 motion, this court accepts the allegations in Sparks' complaint as true and construes them in the light most favorable to Sparks. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Sparks' allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). If the facts as pleaded could entitle Sparks to relief, the court must deny Pfizer's motion to dismiss. If, however, the court accepts Sparks' pleaded facts as true, and Sparks still would not be entitled to relief, the court must grant the motion.

**DISCUSSION**

Under Alabama law, "a pharmaceutical manufacturer cannot be held liable for injury caused by a product it did not manufacture." *Forest Labs., LLC v. Feheley*, 296 So. 3d 302, 316 (Ala. 2019). So the court's first task in resolving Pfizer's motion to dismiss is to determine whether Sparks has adequately alleged that Pfizer manufactured the Apo-Varenicline that he contends caused his wife's death.

### A.     Manufacturer of Product

Sparks does not plausibly allege that Pfizer was the manufacturer of the Apo-Varenicline. While Sparks asserts that Pfizer is a pharmaceutical maker, he does not allege any facts that connect Pfizer to the Apo-Varenicline prescribed his wife. Thus, Sparks has not plausibly alleged that Pfizer is liable for manufacturing the product that led to his wife's death.

The court notes that while Pfizer manufactured the drug varenicline under the brand name Chantix, it appears that generic medication manufacturer Apotex manufactures Apo-Varenicline. *See* https://www.apotex.com/products/us/detail.asp?m=69405. According to the Canadian government the drug identification number given to Apotex for Apo-Varenicline is "02419882." *See* https://www.formulary.health.gov.on.ca/formulary/detail.xhtml?drugId=02419882. This drug identification number seemingly matches the number on the packaging of Mrs. Sparks' medication:



(Doc. 11, p. 11) (arrow added). So it appears that Apotex, and not Pfizer, is the manufacturer of Apo-Varenicline.

### B.   Innovator Shield Law

Sparks, however, asserts that he should be able to sue Pfizer because it "made the medication first" and "[p]ut it on the market." (Doc. 15). But Alabama law shields brand name drug makers from liability for harm caused by another company's generic version of their product:

> In any civil action for personal injury, death, or property damage caused by a product, regardless of the type of claims alleged or the theory of liability asserted, the plaintiff must prove, among other elements, that the defendant designed, manufactured, sold, or leased the particular product the use of which is alleged to have caused the injury on which the claim

3

> is based, and not a similar or equivalent product. Designers, manufacturers, sellers, or lessors of products not identified as having been used, ingested, or encountered by an allegedly injured party may not be held liable for any alleged injury. A person, firm, corporation, association, partnership, or other legal or business entity whose design is copied or otherwise used by a manufacturer without the designer's express authorization is not subject to liability for personal injury, death or property damage caused by the manufacturer's product, even if use of the design is foreseeable.

Ala. Code § 6-5-530(a).

So to state a wrongful death claim against Pfizer, Sparks must plausibly allege that Pfizer manufactured, designed, sold, or leased the Apo-Varenicline that allegedly caused Mrs. Sparks' death. He cannot assert that Pfizer is liable because Mrs. Sparks was injured by a generic version of a Pfizer product that was manufactured and sold by a company other than Pfizer. Because Sparks does not allege that Pfizer was the manufacturer, designer, seller, or lessor of Apo-Varenicline, the court will grant Pfizer's motion to dismiss.

### C.   Leave to Amend

Federal Rule of Civil Procedure 15 provides that the court must grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). And when a plaintiff is proceeding pro se, this court must give him "at least one chance to amend the complaint before" dismissing his claims with prejudice if "a more carefully drafted complaint might state a claim." *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). "But a district court need not grant leave to amend when either (1) the district court has a clear indication that the plaintiff does not want to amend his complaint, or (2) a more carefully drafted complaint could not state a claim." *Id.* (quotations omitted).

Though the court required Sparks to file an amended complaint in response to Pfizer's motion for more definite statement, this opinion is the court's first ruling on the merits of Sparks' claims. And Sparks has given the court no indication that he would not want to cure his pleading deficiencies with an amended complaint. Plus, the court cannot say that a more carefully drafted complaint could not state a wrongful death claim. Perhaps Sparks will be able to allege some connection between Pfizer and Apo-Varenicline by, for example, showing that Pfizer helped design the Apo-Varenicline or expressly authorized another company to create a generic version of Chantix. *See* Ala. Code § 6-5-530(a). Or perhaps Sparks will be able to amend his complaint to sue Apotex or another company that he can plausibly allege was the manufacturer or seller of the Apo-Varenicline that his wife ingested.

If Sparks chooses to amend his complaint, he must explain (a) whether the named defendant is the manufacturer, designer, seller, or lessor of Apo-Varenicline, (b) why he contends the use of Apo-Varenicline caused his wife's death, and (c) what the defendant should have done to prevent Mrs. Sparks' death. The court also reminds Sparks that he must have a good-faith basis for the factual contentions he makes in his amended complaint. *See* Fed. R. Civ. P. 11(b)(3). So before filing his amended complaint, Sparks should seek to determine which company (or companies) manufactured, designed, sold, or leased Apo-Varenicline and then name that company as the defendant to this lawsuit. The court will dismiss with prejudice any claims that a defendant should be held liable only because it made a drug that was later copied by the makers of Apo-Varenicline.

## CONCLUSION

For the reasons stated within, the court **GRANTS** Pfizer's motion to dismiss (doc. 13) and **DISMISSES** Sparks' complaint **WITHOUT PREJUDICE**. Sparks has until **May 19, 2025,** to file an amended complaint that addresses the pleading deficiencies noted below. Failure to file an amended complaint by this deadline will result in the court dismissing Sparks' complaint **<u>with prejudice</u>**.

The court will enter a separate order that carries out this ruling.

**Done** and **Ordered** on April 21, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE